IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DIANE E. MATHER, Individually )   CIVIL NO. 14-00139 LEK-BMK
and as Trustee of the )
HANA2008 LIVING TRUST, )
                     )
      Plaintiff, )
                     )
   vs. )
                     )
CENTRAL PACIFIC BANK; )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC. )
AKA "MERS"; AND DOES 1 – 50 )
INCLUSIVE, )
                     )
      Defendants. )
_____ )

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT FILED JULY 28, 2014 [DOC. 26]**

On August 7, 2014, Defendants Central Pacific Bank ("CPB") and Mortgage Electronic Registration Systems, Inc., also known as "MERS" (collectively, "Defendants"), filed their Motion to Dismiss Second Amended Complaint Filed July 28, 2014 [Doc. 26] ("Motion"). [Dkt. no. 30.] Pro se Plaintiff Diane E. Mather ("Plaintiff") filed her memorandum in opposition on September 15, 2014, and Defendants filed their reply on September 22, 2014. [Dkt. nos. 40, 41.] On September 24, 2014, this Court issued an entering order ("EO") finding this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). [Dkt. no. 42.] After careful consideration of the Motion, supporting and opposing

memoranda, and the relevant legal authority, Defendants' Motion
is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiff filed her original Complaint on April 10,
2014, in her individual capacity and as trustee of the Hana2008
Living Trust ("the Trust"). Plaintiff filed the Complaint to
"dispute[] the title and ownership of the real property" located
at 98-854 Noelani Street #67, Pearl City, Hawai`i 96782 ("the
Property"). [Complaint at ¶¶ 5, 11.] According to the
Complaint, CPB asserts that it is the lender and owner of the
promissory note and mortgage securing the Property. MERS, as
CPB's nominee on the mortgage, assigned its interest in the
mortgage ("the Assignment"). [Id. at ¶¶ 30-32.] The original
Complaint challenged the Assignment based on various legal
theories. [Id. at ¶¶ 54, 58.] The Complaint alleged the
following claims: lack of standing to foreclose ("Count I");
fraud in the concealment ("Count II"); fraud in the inducement
("Count III"); intentional infliction of emotional distress
("Count IV"); slander of title ("Count V"); quiet title ("Count
VI"); declaratory relief ("Count VII"); violation of the
Truth-in-Lending Act, 15 U.S.C. § 1601, *et seq.* ("Count VIII");
violation of the Real Estate Settlement Procedures Act, 12 U.S.C.
§ 2601, *et seq.* ("Count IX"); rescission ("Count X"); and failure
to provide an accounting ("Count XI").

On April 29, 2014, this Court issued its Order Dismissing Plaintiff's Complaint Without Prejudice ("4/29/14 Order"). [Dkt. no. 5.] The 4/29/14 Order: dismissed with prejudice the portion of Count IV alleging an intentional infliction of emotional distress ("IIED") claim by Mather as trustee; and dismissed without prejudice the portion of Count IV alleging an IIED claim by Mather as an individual. [Id. at 6-7.] This Court also noted that, at the time of the origination of the loan and at the time of the foreclosure action, the Trust held title to the Property. [Id. at 7.] This Court concluded that Plaintiff was attempting to bring Counts I, II, III, V, VI, VII, VIII, IX, X, and XI on behalf of the Trust. Because there is no indication that Plaintiff is an attorney licensed to practice in this district, she cannot represent the Trust in this action. This Court therefore concluded that the Complaint did not plead a plausible basis for Plaintiff's standing to bring those claims, and dismissed those claims without prejudice. This Court also emphasized that, if the Trust pursues the claims, it must be represented by an attorney authorized to practice in this district. [Id. at 8-10.] The 4/29/14 Order directed Plaintiff to file an amended complaint by May 16, 2014, and cautioned Plaintiff that, "if her amended complaint does not cure the deficiencies identified in [the 4/29/14 Order], this Court may dismiss some or all of Plaintiff's claims WITH PREJUDICE." [Id.

at 11.]

On May 15, 2014, Plaintiff moved for an extension of time to file her amended complaint, and this Court granted the motion on May 16, 2014. [Dkt. nos. 7, 8.] Plaintiff timely filed her First Amended Verified Complaint ("First Amended Complaint") on May 30, 2014.[1] [Dkt. no. 13.] As in the original Complaint, Plaintiff filed the First Amended Complaint in her individual capacity and as trustee of the Trust. It alleged the same eleven claims alleged in the original Complaint. [Id. at pg. 1.]

On June 6, 2014, Plaintiff filed her Motion for Leave to File Second Amended Verified Complaint. [Dkt. no. 14.] The magistrate judge orally granted the motion at a hearing on July 25, 2014. [Dkt. no. 25 (Minutes).] Plaintiff timely filed her Second Amended Verified Complaint ("Second Amended Complaint") on July 28, 2014. [Dkt. no. 26.] Plaintiff asserts the claims in the Second Amended Complaint in her individual capacity only. [Id. at pg. 1.] The Second Amended Complaint alleges eleven claims, which the Court will refer to as "Amended Count I" through "Amended Count XI." Amended Counts I through III, and V through XI allege the same claims as the corresponding

---

[1] Defendants filed a motion to dismiss the First Amended Complaint on June 16, 2014. [Dkt. no. 18.] This Court deemed the motion moot after Plaintiff filed the Second Amended Complaint. [EO, filed 7/31/14 (dkt. no. 27).]

claims in the original Complaint. Plaintiff no longer alleges an IIED claim. Amended Count IV asserts a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. [Id. at pgs. 54-83.] The Second Amended Complaint requests the following forms of relief: compensatory, special, general, and punitive damages; restitution; fees and costs; and declaratory relief. [Id. at pgs. 83-88.]

In the instant Motion, Defendants argue that the Second Amended Complaint is merely Plaintiff's "attempt to evade her creditors and/or collaterally attack legitimate state judicial foreclosure actions which have already been adjudicated by the Circuit Court of the First Circuit of the State of Hawaii . . . ." [Motion at 2.] Defendants also argue that the Second Amended Complaint fails to state a claim upon which relief can be granted, and it fails to comply with the 4/29/14 Order. [Id.] They argue that this Court should dismiss all of Plaintiff's claims with prejudice. [Mem. in Supp. of Motion at 30.]

**DISCUSSION**

**I. Failure to Cure Defects Identified in the 4/29/14 Order**

Defendants first argue that Plaintiff's Second Amended Complaint fails to cure the standing defects identified in the 4/29/14 Order. The 4/29/14 Order instructed Plaintiff that, in order to cure the standing defects in Counts I to III and V to

XI, she had to amend the claims so that the Trust is pursuing them, and the Trust had to be represented by counsel. Amended Counts I to III and V to XI allege the same claims as the corresponding claims in the original Complaint, and Plaintiff still brings them in her individual capacity. For the reasons set forth in the 4/29/14 Order, this Court concludes that Plaintiff lacks standing to pursue Amended Counts I to III and V to XI and DISMISSES those claims.

The 4/29/14 Order warned Plaintiff that, if she failed to cure the defects in the Complaint, this Court may dismiss her claims with prejudice. In response to the 4/29/14 Order, Plaintiff filed the First Amended Complaint, and the magistrate judge subsequently granted her leave to file the Second Amended Complaint. Thus, Plaintiff had two opportunities to cure the standing defect in her claims, but failed to do so. In light of the notice that this Court provided in the 4/29/14 Order and Plaintiff's repeated failure to cure the defects identified in that order, this Court finds that leave to amend is not warranted. See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (stating that, after dismissing a complaint, a court "may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, **repeated failure to cure deficiencies by amendments previously allowed**, undue

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" (alteration in Sonoma Cnty.) (emphasis added) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962))).

The Court therefore GRANTS Defendants' Motion as to Amended Counts I, II, III, V, VI, VII, VIII, IX, X, and XI, which are DISMISSED WITH PREJUDICE.

## II.  Count IV

This Court next turns to the issue of whether Amended Count IV, which was not alleged in the original Complaint, states a plausible claim for relief.  The United States Supreme Court has stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Bell Atl. Corp. v. Twombly, 550 U.S. 544,] 570, 127 S. Ct. 1955 [(2007)].  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id., at 556, 127 S. Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Ibid.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id., at 557, 127 S. Ct. 1955 (brackets omitted).

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Amended Count IV alleges that CPB violated 15 U.S.C. § 1692e in the foreclosure action.[2] As previously noted, the Trust held title to the Property at the time of the foreclosure action. [4/29/14 Order at 7.] Thus, for the reasons set forth in the 4/29/14 Order, Plaintiff does not have standing to pursue Amended Count IV, and this Court DISMISSES Amended Count IV.

Even if Plaintiff further amended the FDCPA claim so that the Trust alleges it, the claim still would not state a plausible claim. This district court has rejected similar claims:

> To the extent the FDCPA claim is based on the foreclosure proceedings, the claim fails as a matter of law. See, e.g., Caraang v. PNC Mortgage, 795 F. Supp. 2d 1098, 1107 (D. Hawai`i 2011) ("This district court has ruled that a lender pursuing a nonjudicial foreclosure is not attempting to collect a debt for purposes of the FDCPA."); Hanaway v. JPMorgan Chase Bank, No. SACV 10-1809 DOC(PLAx), 2011 WL 672559, at *4 (C.D. Cal. Feb. 15, 2011) ("Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA."); Aniel v. T.D. Serv. Co., No. C 10-03185 JSW, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) ("[A]llegations relating to the FDCPA claim relate to foreclosure proceedings and courts throughout this circuit have concluded that foreclosure does not constitute 'debt collection' under the FDCPA.").

Kitamura v. AOAO of Lihue Townhouse, Civil No. 12-00353 LEK-BMK,

---

[2] Section 1692e states, in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

2013 WL 1398058, at *4 (D. Hawai`i Mar. 29, 2013) (alteration in Kitamura). This Court therefore finds that Amended Count IV cannot be saved by any amendment. Defendants' Motion is GRANTED as to Amended Count IV, which is DISMISSED WITH PREJUDICE. See Sonoma Cnty., 708 F.3d at 1118 ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation and internal quotation marks omitted)).

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Dismiss Second Amended Complaint Filed July 28, 2014 [Doc. 26], filed August 7, 2014, is HEREBY GRANTED. The claims in Plaintiff's Second Amended Verified Complaint, filed July 28, 2014, are DISMISSED WITH PREJUDICE. There being no remaining claims in this case, the Court DIRECTS the Clerk's Office to enter judgment and close the case on **November 21, 2014**, unless Plaintiff files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 31, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DIANE E. MATHER VS. CENTRAL PACIFIC BANK, ET AL.; CIVIL 14-00139 LEK-BMK; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT FILED JULY 28, 2014 [DOC. 26]**